IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,428-01





EX PARTE JOHNNY RAY COLLINS, Applicant





ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 88,236 IN THE 147TH DISTRICT COURT


FROM TRAVIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to life imprisonment. His direct appeal was dismissed. Collins v. State, No.
03-87-270-CR (Tex. App. - Austin, March 30, 1988, no pet.).

 Applicant contends that trial counsel was ineffective because he stipulated to the evidence
as presented in the indictment shortly after the complainant began to testify, and in closing argument
at the guilt phase he asked the jury to keep an open mind on the issue of punishment, essentially
conceding guilt. Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). 
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The
trial court shall provide Applicant's trial counsel with the opportunity to respond to Applicant's
claims. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In
the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claims that counsel stipulated to the evidence as presented in the indictment and asked the jury at the
guilt phase to keep an open mind on the issue of punishment. The court shall then make findings
as to whether such conduct constituted deficient performance that resulted in prejudice to Applicant. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within ninety (90) days of this order. If any continuances are granted, a copy
of the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within one hundred twenty (120) days of the date of this order. Any
extensions of time shall be obtained from this Court. 



Filed: September 13, 2006

Do not publish